Nov. Term,
1860.

THE BOARD OF COMMISSIONERS OF MARSHALL COUNTY *v.*
BENNETT.

THE BOARD
OF COMMIS-
SIONERS, &c.
v.
BENNETT.

*Quære :* Whether orders entered by the clerk over a blank signature of the judge, are valid orders of the Court.

If a claimant appeals from an allowance of the board of county commissioners, and, on appeal, recovers less than the amount of the allowance below, he must pay the costs made on appeal.

APPEAL from the *Marshall* Circuit Court.

*Wednesday,
December* 5.

HANNA, J. — The appellant made an application to the Circuit Court, to be relieved from a judgment therein rendered. The facts averred, are in substance, that *Bennett* had applied to the appellant for an allowance for services rendered to a pauper, for the time being, under the employment of the trustee of a township. He was allowed $45. He appealed to the Circuit Court, where he had a verdict for $33, and, on the return thereof, moved for a new trial on the second day of the term. On the tenth day, he, out of Court, stated to the judge that he withdrew his motion. Upon the convening of Court, the judge entered on his minutes the words "judgment on the verdict;" and then announced that he would go home and return on a future day and sign the orders. He afterward signed, in blank, with directions to the clerk, to make the entries from his minutes. This he did, and entered a judgment for the amount of the verdict and costs. Of the arrangement by which the records were signed in blank, with instructions to the clerk, the appellants aver they knew nothing, and are surprised at the judgment against them for costs, as they insist that, under the statute, judgment for costs should have been against the appellee.

The proof corresponded with the averments. The Court refused to grant the relief prayed. Should it have been granted? The statute is, that in appeals from allowance, &c., the claimant shall not recover the costs of the appeal, unless he recovers more than the allowance below. 1 R. S., § 10, p. 102. Without intimating an opinion in reference to the validity of the order entered by the clerk over a blank signature, we think the other facts present a case in which the

Nov. Term, 1860.

appellant was entitled to have judgment for costs. The judgment of the Court in refusing to so modify the judgment in favor of appellant, is reversed.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded.

*C. H. Reeve* and *James Bradley*, for appellant.

